UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD LINTHICUM,

    Plaintiff,

v.                                                        Case No: 8:15-cv-2825-T-17TBM

BANK OF AMERICA, NA and
SPECIALIZED LOAN SERVICING, LLC,

    Defendants.

---

**ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

This cause came before the Court pursuant to the *Defendant Bank of America, N.A.'s Motion to Dismiss Complaint* (Doc. No. 12) (the "**BOA Motion**") filed by Defendant, Bank of America, N.A. ("**BOA**") and the *Defendant, Specialized Loan Servicing, LLC's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement* (Doc. No. 15) (the "**SLS Motion**") filed by Defendant, Specialized Loan Servicing, LLC ("**SLS**" and together with BOA, the "**Defendants**"), along with the responses thereto (Doc. Nos. 13 & 17) (the "**Responses**") filed by the Plaintiff, Richard Linthicum. For the reasons set forth below, the Motions are **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

The Plaintiff filed a *Complaint and Demand for Jury Trial* (Doc. No. 1) (the "**Complaint**") against the Defendants on December 9, 2015. Through the Complaint, the Plaintiff asserts the following counts: Count I: Violations of the Florida Consumer Collection Practices Act, §§ 559.55, *et seq.* (the "**FCCPA**"); and Count II: Violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "**FDCPA**"). The Plaintiff alleges, in pertinent part, that he received harassing phone calls from the Defendants over a four year period related to a mortgage debt owed by the Plaintiff's deceased mother. The Plaintiff alleges that the "Defendant is a 'debt collector' as defined in Section 803(6) of the FDCPA," and that "Defendant is a mortgage servicing company who acquired Plaintiff's deceased mother's loan at issue while the loan was in default." (Complaint, at ¶ 12). The Plaintiff further alleges that "During the course of servicing Dorothy Linthicum's mortgage, BOA utilized [SLS] to service the mortgage." (Complaint, at ¶ 10). In the Complaint, the Plaintiff refers to BAC and SLS "collectively . . . as 'BOA Home Loans' or 'Defendant.'" (Complaint, at ¶ 10). The Complaint lacks any other meaningful allegations regarding the mortgage debt at issue or the interrelationships between the Defendants.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* A court must then take any remaining well-pleaded factual allegations, "assume their veracity and

2

then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted). A complaint that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Id.* at 1289. Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the complaint's factual allegations, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### III. Legal Analysis

In order to state a claim under the FDCPA or FCCPA, the Plaintiff must sufficiently allege that the Defendants are "debt collectors." *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1307 (S.D. Fla. 2009). "The FDCPA defines a 'debt collector' as 'any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due to or asserted to be owed or due to another.'" *Id.* (quoting 15 U.S.C. § 1692a(6)). "Under the FDCPA, consumer's creditors, a mortgage servicing company, or any assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." *Id.*; *see also Campbell v. Wells Fargo Bank, N.A.*, 73 F.Supp.3d 644, 648 (E.D.N.C. 2014) ("Plaintiffs' FDCPA claim . . . fails because defendants, as the originator of the debt at issue, are not 'debt collectors' under the FDCPA."); *Jenkins v. BAC Home Loan Servicing, LP*, 822 F.Supp.2d 1369, 1374 (M.D. Ga. 2011) ("It is well-established that mortgage servicers do not fall within the definition of debt collector.").

Here, SLS argues that the Complaint fails to state a claim because the Plaintiff has failed to distinguish between BOA and SLS in the Complaint; instead referring to both entities as a collective "Defendant." BOA, for its part, argues that the Complaint fails to state a claim because it is the originator of the loan at issue and, as a result, does not

qualify as a "debt collector" under the FDCPA. The Plaintiff responds by arguing that he "filed a sufficiently and remarkably detailed, yet straightforward consumer law related amended complaint against Defendant." (Responses, at ¶ 1). The Court disagrees.

First, the Plaintiff has not filed any amended complaint, much less one that meets the criteria described in paragraph 1 of the Responses. Second, and more importantly, the Complaint lacks well-pled factual allegations that the Defendants are "debt collectors" under the FDCPA. Rather, the Plaintiff alleges, in conclusory fashion, that "Defendant is a 'debt collector.'" (Complaint, at ¶ 12). This allegation is nothing more than a legal conclusion and, as a result, does not satisfy the federal pleading standard under *Iqbal* and *Twombly*. The same holds true for the Plaintiff's allegation that the "Defendant is a mortgage servicing company who acquired Plaintiff's deceased mother's loan at issue while the loan was in default." (Complaint, at ¶ 12). Merely alleging that a loan is in "default" is insufficient to satisfy the federal pleading standard. To properly allege that the loan was in default, the Plaintiff should attach and reference the operative loan documents, and otherwise allege specific facts, such as (i) when the default occurred, (ii) the nature of the default, (iii) when the loan was assigned, and (iv) the identities of the assignor(s) and assignee(s). Having failed to do so, the Complaint does not state a claim for violations of the FDCPA and/or FCCPA. Finally, the Plaintiff has referred to both Defendants as a combined "Defendant." This is improper. To the extent BOA was the originator of the loan, it does not qualify as a "debt collector" under the FDCPA. The same holds true for SLS, if it is a loan servicer that acquired the loan prior to any default. The Plaintiff cannot plead its way around such facts by referring to the Defendants as a single entity.

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Motions are **GRANTED IN PART AND DENIED IN PART**. The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Any amended complaint must be filed within 21 days from entry of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of April, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Parties and Counsel of Record